**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SHARRONE A. GRAY | |
| Appellant | No. 3509 EDA 2016 |

Appeal from the PCRA Order October 19, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0105661-2003

BEFORE:  BOWES, STABILE, AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                **FILED SEPTEMBER 27, 2017**

Sharrone A. Gray appeals from the PCRA order dismissing her serial PCRA petition as untimely.  We affirm.

A jury convicted Appellant of third-degree murder, aggravated assault, and possession of an instrument of crime.  On January 28, 2004, she was sentenced to twenty-five to fifty years imprisonment.  The events underlying her convictions were as follows.  On November 28, 2002, Appellant and her friend, Starleen Pringle, and Pringle's mother went to a bar.  Appellant and Pringle became involved in a bar fight that continued outside after the bar closed.  Appellant obtained a crowbar from her car, swung it at people, and then entered her vehicle with Pringle and her mother.

_____

* Retired Senior Judge specially assigned to the Superior Court.

After someone threw the crowbar into the rear of her car, breaking the window, Appellant placed the vehicle in reverse and backed up, hitting Daisy Alvarez. Appellant then left the scene, drove a short distance, turned around, and returned. Anna Romano was kneeling down next to Ms. Alvarez when Appellant deliberately drove into the two women, killing Ms. Alvarez and seriously injuring Ms. Romano. Appellant then dropped off Pringle's mother, returned to her residence, obtained a rifle and ammunition, and articulated to Pringle that she was returning to the bar. Pringle called police, who stopped Appellant while she was traveling in her car toward the crime scene. The rifle and bullets were found in the vehicle.

On appeal from the judgment of sentence, we affirmed. *Commonwealth v. Gray*, 869 A.2d 7 (Pa.Super. 2004) (unpublished memorandum). Appellant filed a timely PCRA petition, which was denied. On appeal, we affirmed. *Commonwealth v. Gray*, 951 A.2d 1210 (Pa.Super. 2008) (unpublished memorandum). On July 1, 2010, Appellant filed her second PCRA petition, which was dismissed. We affirmed, ruling that the petition was untimely since Appellant's judgment of sentence became final on January 20, 2005, and she had until January 20, 2006, to file a timely PCRA petition. *Commonwealth v. Gray*, 2013 WL 11253823, at (Pa.Super. 2013) (unpublished memorandum).

On February 3, 2015, Appellant filed a document entitled a motion for modification of her sentence *nunc pro tunc*. The PCRA court treated that

- 2 -

document as a PCRA petition and dismissed it as untimely, noting that Appellant had failed to invoke any exceptions to the one-year time bar. Appellant filed the present appeal, raising these issues:

1. The Judge's plain error for leaving involuntary manslaughter off of the verdict slip, failing to include instructions on vehicular manslaughter in the jury charge and allowing conviction for murder of the third degree when there was insufficient evidence to sustain the charge.

2. Counsel was ineffective for failing to investigate and present exculpatory evidence regarding statements of a primary state's witness, Defendant's intoxication, and facts in support of Defendant's claim of self-protection.

3. Defendant is in possession of written documentation from a previously unknown witness that constitutes new evidence and should be investigated and evaluated by the court in light of the fact that it clearly proves wrongful conviction.

4. Sentence is cruel and unusually punitive in light of the facts of the case and the Defendant's minor criminal record.

Appellant's brief at (unnumbered page) 6.

Initially, we observe, "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error." *Commonwealth v. Whitehawk*, 146 A.3d 266, 269 (Pa.Super. 2016). We also note that Appellant's petition to modify her sentence was properly treated by the court as a PCRA petition. *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa.Super. 2013) (citation omitted) (holding that

"any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition").

It is axiomatic that all PCRA petitions must be filed within one year of the date a defendant's judgment becomes final unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). If a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted); *see also Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006). We have previously found that Appellant's judgment of sentence became final on January 20, 2005, and that she had until January 20, 2006 to file a timely PCRA. Her February 3, 2015 petition is therefore untimely.

There are three exceptions to the one-year time bar of § 9545:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Herein, Appellant does not specifically invoke any exception. The only averment that touches on one relates to Appellant's position that she is in possession of written documentation from a previously unknown witness that constitutes new evidence. This averment arguably invokes the second exception. "To qualify for an exception to the PCRA's time limitations under subsection 9545(b)(1)(ii), a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence." *Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017). Nevertheless, "to qualify for any of the exceptions to the PCRA's one-year time limitation, including the newly-discovered facts exception under subsection 9545(b)(1)(ii), the exception must be pled within 60 days of the date the claim could have been presented. *Id*. at 627.

Appellant has attached to her brief an undated letter from Josette Blassinger, an inmate at the State Correctional Institution in Muncy, who purportedly witnessed the events. In that letter, Blassinger suggested that Appellant acted in self-defense. Appellant fails to indicate when that document was obtained, that it was procured within sixty days of her February 3, 2013 PCRA petition, and that she could not have discovered the

existence of Ms. Blassinger earlier, through the exercise of due diligence. Hence, Appellant did not plead and prove the newly-discovered facts exception. As the PCRA court did not err in dismissing the plea petition, we affirm.

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/27/2017